# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN KATZ, | Case Number 5:09-cv-04866-JF |
| Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| CAL-WESTERN RECONVEYANCE CORP., et al., | [re: document nos. 4, 6, 8, 14, 16, 17] |
| Defendants. | |

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on January 22, 2009. For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

This action arises out of a residential mortgage transaction in which Defendants Cal-Western Reconveyance Corp., Accubank Mortgage, a Division of National City Bank of Indiana, aka National City Mortgage, and PNC Financial Services Group, Inc. (collectively,

---

[1] This disposition is not designated for publication in the official reports.

1  "Defendants") allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as
2  well as various provisions of California law.  In 2005, Plaintiff Jonathan Katz ("Plaintiff")
3  entered into a loan agreement with Defendants involving a residential dwelling in Carmel,
4  California.  Complaint ¶¶ 1 and 12.  Plaintiff alleges that on May 7, 2008, the parties agreed to a
5  "loan modification and refinance of the terms of the original promissory note" secured by the
6  dwelling in Carmel.  Complaint ¶ 11.  Plaintiff alleges that in connection with this transaction,
7  Defendants did not disclose adequately their calculation of the financial charges, fees, terms and
8  rate; did not explain or demonstrate the financial charges, fees, terms and rate in a manner that
9  was understandable by a reasonable consumer; and did not provide a notice of Plaintiff's right to
10 rescind.  Complaint ¶ 13.

On May 1, 2009, Defendants recorded a Notice of Default.  Complaint ¶ 7.

Plaintiff filed this action on October 13, 2009, seeking to quiet title and alleging: (1) violations of TILA; (2) failure to post and serve the Notice of Sale properly under California law; and (3) unfair business practices under California law.

## II. MOTION TO DISMISS

A.  **Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*,

2

18 F.3d 752, 754-755 (9th Cir. 1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.    Documents Considered By The Court**

According to the complaint, Plaintiff executed a Loan Modification Agreement and a Real Estate Truth-In-Lending Disclosure Statement ("Statement") on May 7, 2008. The Loan Modification Agreement is not attached to the complaint, but Plaintiff has attached all of the individual pages of the document as Exhibits E through J to his opposition papers. The Statement is attached to the opposition papers as Exhibit L.

The Court properly may consider the Loan Modification Agreement and the Statement because the contents of these documents are referenced in the complaint. Complaint ¶¶ 11 and 13. *See In re Stac Elcs. Sec. Litig.*, 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). However, because the complaint does not reference the other documents attached to Plaintiff's opposition papers, those documents may not be considered on a motion to dismiss. Similarly, facts alleged for the first time in Plaintiff's opposition papers may not be considered in determining the legal sufficiency of the complaint.

**C.    Quiet Title Action and TILA Claims**

**1.    Quiet Title**

"The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009), quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.,* 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). "[A] mortgagor cannot quiet his title against the

3

Case No. C 09-4844 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.,* No. 2:09-CV-01012 JAM-KJM, 2009 WL 2151782, at *4 (E.D. Cal. Jul. 17, 2009) (quoting *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934)). Plaintiff does not allege that he has paid the debt secured by the mortgage or that he has the ability to tender.

### 2. Improper Recording of the Notice of Default

Plaintiff alleges that the Notice of Default was unlawfully recorded "in that defendants failed to comply" with Cal. Civ. Code §§ 2923.5, 2924, and 2924b. Complaint ¶ 8.

The Notice of Default was recorded on May 1, 2009. Complaint ¶ 7. Plaintiff alleges that there has been no valid, proper, or timely substitution of Cal-Western Reconveyance as trustee. However, Plaintiff provides no factual support for this conclusory allegation. A court need not accept as true conclusory allegations or unwarranted deductions of fact contained in the complaint. *Clegg,* 18 F.3d at 754-755. The complaint offers no explanation as to how the Notice of Default violated the provisions of the California Civil Code.

### 3. TILA-Related Claims

#### a. TILA Overview

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The statute is designed "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986); *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed [TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions."). Because the statute is remedial in nature, it is to be applied broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *see also Plascencia v. Lending 1st Mortgage,* No. C 07-4485 CW, 2008 WL 1902698, *3 (N.D. Cal. Apr. 28, 2008) ("TILA has been liberally construed in the Ninth Circuit.") (internal quotations and citation omitted). Thus, even "[t]echnical or minor violations" of TILA or its implementing regulations may impose liability on the creditor. *Semar,* 791 F.2d at 704 (noting also that "[t]o insure that the consumer is protected . . . [TILA and its implementing regulations must] be absolutely

4

Case No. C 09-4844 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

complied with and strictly enforced").

TILA focuses not only on the form of a disclosure but also on its accuracy. *See Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,* 280 F.3d 384, 390-91 (3d Cir. 2002) ("[T]he issuer must not only disclose the required terms, it must do so accurately."). "The accuracy demanded excludes not only literal falsities, but also misleading statements." *Id.* (citation omitted). In that respect, the adequacy of TILA disclosures is to be assessed "from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor." *Smith v. Cash Store Mgmt.*, 195 F.3d 325, 327-28 (7th Cir. 1999) (citation omitted).

TILA is implemented by the Federal Reserve Board of Governors ("FRB") through regulations found in 12 C.F.R. § 226 ("Regulation Z") and through the FRB's Official Staff Commentary ("Commentary"). The Commentary is binding on all lenders, and compliance with it shields an issuer from civil liability pursuant to TILA's safe-harbor provision. See 15 § U.S.C. 1640(f); *see also* 12 C.F.R. § 226, Supp. I-1 ("Good faith compliance with this commentary affords protection from liability under 130(f) of the Truth in Lending Act").

### b. Applicability of TILA to the May 2008 Transaction

As a threshold matter, the Court must decide whether TILA applies to the May 2008 transaction at all. Plaintiff alleges that the parties entered into a loan transaction in October 2005. Complaint ¶ 12. The agreement that is the subject of the present lawsuit was executed by Plaintiff on or about May 13, 2008. Complaint ¶ 11 and Opposition Exs. E-J. The complaint describes the May 2008 transaction not as a new loan, distinct from the October 2005 loan, but as both a "loan modification and refinance", at Complaint ¶ 11, and as a "loan modification", at Complaint ¶ 13.

Generally, events subsequent to a consumer loan transaction do not affect the validity of the initial disclosures or require the creditor to make further disclosures. 15 U.S.C. § 1634. There are certain circumstances which do trigger a requirement for further disclosures, including certain residential mortgage and variable rate transactions, 12 C.F.R. § 226.19; refinancings; assumptions; variable rate adjustments, 12 C.F.R. § 226.20; and circumstances in which early disclosures are rendered inaccurate prior to the date of consummation, 12 C.F.R. § 226.17(f).

5

*Begala v. PNC Bank, N.A.*, 163 F.3d 948, 951 (6th Cir. 1998).

12 C.F.R. § 226.19 requires re-disclosure of certain information when the information at the time the transaction is consummated is different from the information provided at the time of the original disclosure. Here, the October 2005 transaction already was consummated, so the disclosures relating to the May 2008 transaction could not trigger any re-disclosure requirements under Section 226.19. 12 C.F.R. § 226.17(f) does not apply for the same reason.

The complaint refers to the May 2008 transaction somewhat inconsistently as either a "loan modification" or a "refinance". Complaint ¶¶ 11 and 13. 12 C.F.R. § 226.20 requires new TILA disclosures if there has been a refinance, an assumption, or a variable rate adjustment. The complaint alleges that a TILA violation occurred "at the time of the execution of the said loan modification". Complaint ¶ 13. It is not alleged that there was an adjustment to the variable rate of the loan at that time or that the May 2008 transaction was an assumption.

12 C.F.R. § 226.20(a) defines a "refinance" as a situation in which an "existing obligation that was subject to this subpart [that] is satisfied and replaced by a new obligation undertaken by the same consumer." The complaint does not allege that the original October 2005 loan was *replaced* by the May 2008 transaction. Indeed, the Loan Modification Agreement itself provides that the May 2008 transaction is *not* a satisfaction of the "Note and Security Instrument", presumably referring to the October 2005 loan. Opposition Ex. G. Based upon these facts and circumstances, the May 2008 transaction could not have been a "refinance" for purposes of TILA.[2]

**D.    Failure Properly to Post and Serve Notices Required by Law**

Plaintiff alleges that Defendants failed to comply with the posting and notice requirements of Cal. Civ. Code §§ 2924-2924f, rendering the Notice of Sale void. However, Plaintiff acknowledges in his opposition papers that Defendants have rescinded the Notice of Sale. To the extent that Plaintiff seeks to quiet title as a remedy for these alleged violations, he is

---

[2]Plaintiff provides additional descriptions of the two transactions in his supplemental memorandum. However, as discussed previously, the Court may not consider these allegation in the present context.

6

not entitled to that remedy because he has not alleged payment of the underlying debt or an ability to make such payment.

E.      **Unfair Business Practice**

California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 ("UCL"), prohibits any "unlawful, unfair or fraudulent business practices." *See also Cel-Tech Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Because the statute is written in the disjunctive, it applies separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003).

Defendants first argue that the claim must be dismissed because it is predicated on Plaintiff's TILA claim, which is defective. Motion to Dismiss at 8-9. However, a UCL claim does not necessarily depend on "borrowed" provisions from TILA.

Indeed, Defendants' conduct need not be "unlawful" at all in order to be subject to a UCL claim. "The 'unfair' standard, the second prong of section 17200, also provides an independent basis for relief." *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (Cal. App. 2d Dist. 1996). "Unfair simply means any practice whose harm to the victim outweighs its benefits." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (Cal. App. 2d Dist. 1994) (internal quotations and citation omitted). Defendants also are incorrect in their assertion that Plaintiff must allege that members of the public are likely to be deceived by their alleged conduct. Motion to Dismiss at 9. Such a showing is required for UCL claims of "fraudulent conduct" but not for a UCL claim based on an "unfair" practice. *Id.*

Cal. Civ. Code § 2924c provides that borrowers have up to five business days to cure a Notice of Default before a foreclosure sale. Plaintiff alleges that Defendants' business practices deprive him and others of this right. Cal. Civ. Code § 2924f requires that at least twenty days before a foreclosure sale, a Notice of Sale be posted in a public place within the city where the property is sold; published in a newspaper in general circulation where the property is to be sold; and posted on the property. Plaintiff alleges that none of these conditions were met here. Complaint ¶¶ 20a-d and 22. Plaintiff also claims that Defendants do not inform the borrower of the reinstatement balance of the loan until five business days after a request and that Defendants

7

Case No. C 09-4844 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

accept reinstatement only if payment is made by delivery of a cashier's check to Defendants' San Diego, California office. Complaint ¶ 23.

However, while these allegations are sufficient to support a claim under the UCL, Plaintiff also must show that he has suffered injury in fact and has lost money or property as a result of Defendants' conduct. Cal. Bus. & Profs. Code § 17204. Here, Plaintiff alleges that he has suffered "anxiety and emotional distress and the physical symptoms thereof." Complaint ¶ 27. This type of injury is not the loss of money or property contemplated by the UCL. While Plaintiff apparently faced an imminent threat of loss of property as of the time the complaint was filed, the Notice of Sale apparently has been rescinded. There is no allegation that Plaintiff actually has lost money or property as a result of Defendants' alleged practices.

### III. ORDER

(1) The motion to dismiss is GRANTED, WITH LEAVE TO AMEND;

(2) Any amended pleading shall be filed and served within thirty (30) days after issuance of this order.

DATED: 1/27/10

_____
JEREMY FOGEL
United States District Judge