# CONSTRUCTION/PERMANENT RIDER

THIS CONSTRUCTION/PERMANENT RIDER is made this 4th day of October , 2005 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
AccuBanc Mortgage a division of
National City Bank of Indiana     (The "Lender") of the same date and covering the property

described in the Security Instrument and known as:
1 NE 2ND AVE N CAMINO REAL, CARMEL, California 93923

Monterey

(Property Address Including County)

ADDITIONAL COVENANTS: In addition to the covenants and agreements made in the Security Instrument and Note,                     Borrower and Lender further covenant and agree as follows:

1. Borrower and Lender have executed a Construction/Permanent Loan Agreement of even date. The terms of said Construction/Permanent Loan Agreement unless otherwise stated are incorporated herein by reference.

2. Borrower as owner, will construct a residence in accordance with the plans and specifications set forth in the Construction/Permanent Loan Agreement on the real property described in the Security Instrument.

3. Construction of the residence set out above shall be completed on or before    3/22/2007    ,
. If construction is not completed on that date, upon request of Lender, Borrower agrees to execute a modification agreement in form and substance satisfactory to Lender.

4. Borrower agrees that during the time of the construction of the Improvements as set forth in the Construction/Permanent Loan Agreement, interest only will be charged on the amounts of the Loan actually disbursed. Upon completion of construction of the Improvements, but in any event no later than 3/22/2007, _____, whether or not the construction of the Improvements is completed, Borrower agrees to make payments of principal and interest set forth in the Note.

5. Borrower agrees that the proceeds of the loan evidenced by the Note will be disbursed pursuant to the Construction/Permanent Loan Agreement and Borrower further agrees to provide Lender with all documentation required under the Construction/Permanent Loan Agreement prior to requesting any disbursement.

6. Borrower agrees that this Construction/Permanent Rider will be null and void upon completion of the construction of the Improvements and/or the beginning of the amortization of principal as set forth in the Note and in any event at the time the loan is sold in whole or in part to Federal National Mortgages Association, Government National Mortgage Association, Federal Home Loan Mortgage Corporation or any other purchaser which so requires.

NCM Form 1138 CONSTS1                                                                                                    (12/04)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Construction/Permanent Rider.

_____(Seal)  _____(Seal)
JONATHAN KATZ           Borrower                          Borrower

_____(Seal)  _____(Seal)
                        Borrower                          Borrower

# ADJUSTABLE RATE RIDER

(Index: One-Year London Interbank Offered Rate ("LIBOR") As Published in *The Wall St. Journal* – Rate Caps)
(Assumable after Initial Period) (45 Day Lookback)

This Adjustable Rate Rider is made this 4th day of October 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note as amended and supplemented by the Interest Only Payment Period Note Addendum to Adjustable Rate Note (collectively the "Note") to
AccuBanc Mortgage
a division of National City Bank of Indiana
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

1 NE 2ND AVE N CAMINO REAL , CARMEL , California 93923
[Property Address]

**THE NOTE PROVIDES FOR A PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY FOLLOWED BY MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST. THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INITIAL INTEREST RATE AND MONTHLY PAYMENT DURING AND AFTER THE INTEREST ONLY PAYMENT PERIOD. THE NOTE ALSO LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of 7.125 %. The First Principal and Interest Due Date is the first monthly payment date after the ONE HUNDRED TWENTIETH monthly payment is due. The Note provides for changes in the interest rate and the monthly payments as follows:

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A) **Change Dates**
The interest rate I will pay may change on the first day of April 2012, and may change on that day every twelfth (12th) month thereafter. Each date on which my interest rate could change is called a "Change Date."

   (B) **The Index**
Beginning with the first Change Date, my interest rate will be based on an Index.
The "Index" is the One-year Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE-QUARTER percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine my new monthly payment as follows:

(i) **Interest Only Payment Period.** For monthly payments due after the first Change Date up to but not including the First Principal and Interest Due Date, the Note Holder will determine the amount of the monthly payment that would be sufficient to pay the interest that accrues on the unpaid principal that I am expected to owe at the Change Date at my new interest rate determined above in this Section 4(C). The result of this calculation will be the new amount of my Interest Only Payment until the next Change Date unless I make a partial Prepayment as provided in Section 5 of the Note.

(ii) **Principal and Interest Payments Due Beginning With the First Principal and Interest Due Date.** For monthly payments due on or after the First Principal and Interest Due Date, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate determined above in this Section 4(C) in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 12.125 % or less than 2.250 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than TWO percentage points ( 2.000 %) from the rate of interest I have been paying for the preceding twelve months. My interest rate will never be greater than 12.125 %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given and also the title and telephone number of a person who will answer any question I may have regarding the notice.

B. **TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. **UNTIL BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE IN EFFECT AS FOLLOWS:**

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. **AFTER BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION B1 ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND THE PROVISIONS OF UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE AMENDED TO READ AS FOLLOWS:**

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

ADR3YI

Page 3 of 4

One-year LIBOR Interest Only Rider - Multistate
120 Interest Only Payments
Assumable After Initial Period

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____/s/_____(Seal)    _____(Seal)
JONATHAN KATZ            Borrower                                    Borrower

_____(Seal)    _____(Seal)
                         Borrower                                    Borrower

_____(Seal)    _____(Seal)
                         Borrower                                    Borrower

_____(Seal)    _____(Seal)
                         Borrower                                    Borrower