UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN KATZ,<br><br>       Plaintiff,<br>   v.<br><br>CAL-WESTERN RECONVEYANCE<br>CORPORATION, et al.,<br><br>       Defendants. | Case No.: 09-CV-04866-LHK<br><br>ORDER GRANTING 12(B)(6) MOTION<br>TO DISMISS AND DENYING 41(B)<br>MOTION TO DISMISS AND 12(F)<br>MOTION TO STRIKE |

Defendants move to dismiss Plaintiff's First Amended Complaint ("FAC") under Rule 41(b) for failure to timely amend the Complaint and under Rule 12(b)(6) for failure to state a claim. Defendants also move to strike portions of the FAC under Rule 12(f). Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submission and the relevant law, the Court grants Defendants' 12(b)(6) motion to dismiss. The Court denies Defendants' Rule 41(b) motion to dismiss and motion to strike.

**I. Background**

This action arises out of a residential mortgage transaction in which Defendants Cal-Western Reconveyance Corp., Accubank Mortgage, a Division of National City Bank of Indiana,

1
Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

aka National City Mortgage, and PNC Financial Services Group, Inc. (collectively, "Defendants") allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof'l Code § 17200 et seq.  In 2005, Plaintiff Jonathan Katz entered into a loan agreement with Defendants involving Plaintiff's residential property in Carmel, California.  FAC ¶¶ 1, 11.  According to the FAC, on May 7, 2008, Plaintiff entered into a "refinance loan modification" agreement that modified or refinanced the 2005 loan.  FAC ¶¶ 10, 13.  Plaintiff alleges that Defendants did not adequately disclose or explain the finance charge, fees, terms, and rates associated with the modification agreement and did not notify Plaintiff of his right to rescind.  FAC ¶ 13.  Plaintiff also alleges that Defendant Cal-Western's reinstatement policies constitute an unfair business practice by preventing borrowers from timely reinstating a loan.  FAC ¶¶ 20-21, 23.  Finally, Plaintiff alleges, for the first time in the FAC, that Defendants "reneged" on an agreement under the 2005 loan and forced Plaintiff to enter into the 2008 modification instead.  FAC ¶ 28.  Plaintiff seeks a judgment quieting title, rescission of the 2008 loan agreement, specific performance of the 2005 loan, damages, and attorney's fees.

Plaintiff filed this action in the Monterey County Superior Court on September 3, 2009, and Defendants removed the case to federal court on October 13, 2009.  On October 20, 2009, Defendants moved to dismiss the Complaint.  Judge Jeremy Fogel granted Defendant's motion on January 27, 2010, and granted Plaintiff leave to amend his claims within 30 days.  Order Granting Mot. to Dismiss with Leave to Amend ("Order Granting MTD") 8, ECF No. 21.  The parties stipulated twice to allow additional time to file an amended pleading while they attempted to reach a settlement and modification of the loan terms.  The second stipulation allowed Plaintiff until May 14, 2010, to file an amended pleading.  Despites these extensions, Plaintiff failed to amend the Complaint, and on June 22, 2010, Defendants moved to dismiss the Complaint under Rule 41(b) for failing to comply with a court order.  This apparently prompted Plaintiff to act, and on July 5, 2010, he filed the FAC.  Defendants then moved to dismiss the entire FAC under Rule 12(b)(6) and to strike portions of the FAC under Rule 12(f).  All three of Defendants' motions are now before the Court.

2
Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

## II. Rule 41(b) Motion to Dismiss

Defendants move to dismiss this action pursuant to Rule 41(b) on grounds that Plaintiff filed the FAC approximately 7 weeks after the May 14 deadline ordered by the Court. Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). When a court grants leave to amend the complaint within a specified period, and plaintiff neither timely amends nor provides notice of his intent not to amend, the court may dismiss the action with prejudice under Rule 41(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

However, dismissal under Rule 41(b) is "a sanction, to be imposed only in extreme circumstances." *Id.* at 1063. Therefore, a court considering a Rule 41(b) dismissal must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Neither party addresses these factors in their motions. Although the Court agrees with Defendants that this matter cannot be put on hold indefinitely, the Court finds that Plaintiff's delay has not significantly interfered with management of its docket, that the case can be disposed of expeditiously on the merits, and that Defendants are unlikely to be prejudiced by denial of the motion. Thus, the Court declines to dismiss under Rule 41(b) and turns to the merits of Defendants' 12(b)(6) motion.

## III. Rule 12(b)(6) Motion to Dismiss

### A. Legal standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

3

Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

If the Court grants a motion to dismiss, it must determine whether to grant leave to amend. Generally, a district court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  However, a district court may in its discretion deny leave to amend due to undue delay or dilatory motive, repeated failure to cure deficiencies, or futility of amendment.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).  "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."  *Id.* (internal quotation marks and citations omitted).

### B. Documents considered by the Court

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, a court may consider "material which is properly submitted as part of the complaint," *id.* at 688, as well as documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  Plaintiff submitted a copy of the 2008 Loan Modification Agreement with his opposition to Defendants' earlier motion to dismiss the original Complaint.  Mem. of Law in Opp'n to Rule 12 Motion(s) Ex. E-J, Nov. 4, 2009, ECF No. 6.  The Court may consider this document because its contents are alleged in the Complaint, and no party

4

has questioned its authenticity.  Additionally, the Court may consider the Construction Rider and Adjustable Rate Rider that Plaintiff attached to the FAC.  However, the Court need not and will not consider the declaration and exchange of emails submitted by Defendants with their reply brief.

### C. Claim for relief under TILA and quiet title action

#### 1. TILA claims

In the FAC, as in the original Complaint, Plaintiff alleges TILA violations and seeks to rescind the subject loan, to remove the lien on his property, and to quiet title.  FAC ¶¶ 13-15.  Plaintiff first entered into the loan secured by his property in 2005, FAC ¶ 3; he subsequently either modified or refinanced this loan through an agreement executed in 2008, FAC ¶ 10.  He does not allege TILA violations with regard to the original loan.  Rather, Plaintiff alleges that Defendants violated TILA by failing to provide required disclosures "at the time of execution of the refinance loan modification dated May 7, 2008."  FAC ¶ 13.

In his order granting Defendants' motion to dismiss this claim as pled in the original Complaint, Judge Fogel held that Plaintiff failed to state a claim for TILA violations because TILA did not require Defendants to make additional disclosures at the time of the 2008 loan transaction.  Order Granting MTD 5-6.  Generally, events subsequent to a consumer loan transaction do not affect the validity of the initial disclosures or require the creditor to make further disclosures. 15 U.S.C. § 1634.  There are certain circumstances which do trigger a requirement for further disclosures, including certain residential mortgage and variable rate transactions, 12 C.F.R. § 226.19; refinancings, assumptions, variable rate adjustments, 12 C.F.R. § 226.20; and circumstances in which early disclosures are rendered inaccurate prior to the date of consummation, 12 C.F.R. § 226.17(f).  However, Judge Fogel specifically found that the 2008 loan modification "could not have been a 'refinance' for purposes of TILA" and that the Complaint did not allege any other circumstances that would trigger a requirement of further disclosures.  Order Granting MTD 6.

In the FAC, Plaintiff attempts to avoid Judge Fogel's ruling by relabeling the 2008 loan transaction a "refinance" and "refinance loan modification."  ¶¶ 10, 12.  Aside from this change of

5

Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

terms, the TILA claims set forth in the FAC are nearly identical to those in the original Complaint. Plaintiff does not allege facts tending to show that the loan modification, which merely "amends and supplements" the 2005 loan, Mem. of Law in Opp'n to Rule 12 Motion(s) Ex. E, Nov. 4, 2009, ECF No. 6, is actually a refinance.  Nor does Plaintiff's four-page opposition brief address Defendant's claim and Judge Fogel's prior ruling that TILA did not obligate Defendants to make additional disclosures.  Plaintiff cannot overcome the Court's prior finding merely by relabeling the transaction at issue.  The FAC fails to allege facts showing that TILA required Defendants to make disclosures at the time of the 2008 loan transaction and thus fails to state a claim under TILA. Moreover, the fact that Plaintiff failed to cure this deficiency in the FAC is "a strong indication that the plaintiffs have no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).  Accordingly, the Court concludes that granting further leave to amend would be futile.  Plaintiff's TILA claim is therefore dismissed with prejudice.

### 2.  Quiet title action

"A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009) (quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009); *see also Aguilar v. Bocci*, 39 Cal.App.3d 475, 477-78, 114 Cal.Rptr. 91 (Cal. Ct. App. 1974) ("The cloud upon [the mortgagor's] title persists until the debt is paid.  He . . . cannot clear his title without satisfying his debt.") (internal citations omitted).  Presumably Plaintiff's action to quiet title is predicated on his contention that Defendants' TILA violations give Plaintiff the right rescind the loan and remove the lien on his property, thereby canceling his obligations under the deed of trust.  FAC ¶ 14.  However, as discussed above, Plaintiff has not stated a claim for relief under TILA, and he may not rescind or void the loan on that basis.  Judge Fogel previously dismissed Plaintiff's quiet title action because Plaintiff failed to allege that he had paid the debt secured by the mortgage or had the ability to tender.  Order Granting MTD 4.  Plaintiff has alleged no facts to cure this deficiency in the FAC.  As noted above, Plaintiff's failure to plead new

6

Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

facts addressing this deficiency is "a strong indication that the plaintiffs have no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The Court therefore concludes that further amendment would be futile, and Plaintiff's quiet title action is dismissed with prejudice.

### D. UCL claim

In his second cause of action, Plaintiff alleges that Defendant Cal-Western violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq., by maintaining business practices that prevented Plaintiff and others in his position from timely curing a Notice of Default. FAC ¶¶ 20-21. Judge Fogel dismissed Plaintiff's UCL claim as pled in the original Complaint because, although the allegations supported a claim under the UCL, Plaintiff failed to show that he suffered injury in fact and lost money or property as a result of Defendants' conduct, as required by Cal. Bus. & Profs. Code § 17204. Order Granting MTD 8. As Defendants note, the allegations in support of Plaintiff's UCL claim set forth in the FAC are nearly identical to those in the original Complaint. The FAC does not allege new facts establishing that Plaintiff suffered an injury in fact and lost money or property as a result of Defendants' conduct. Indeed, Plaintiff states in his opposition that "plaintiff ha[s] cured the default and mooted most of the issues raised relating to the foreclosure process." Mem. of Law in Opp'n 2, ECF No. 46. Because Plaintiff has failed to allege an injury in fact or the loss of money or property resulting from Defendants' conduct, he lacks standing to pursue a UCL claim. Cal. Bus. & Profs. Code § 17204. Moreover, based on Plaintiff's failure to cure this deficiency in the FAC and his concession that the issues surrounding the foreclosure process are now moot, the Court finds that granting further leave to amend would be futile. Plaintiff's UCL claim is therefore dismissed with prejudice.

### E. Claim for specific performance

In his third cause of action, Plaintiff asserts a new claim seeking specific performance of the 2005 loan agreement.[1] FAC ¶¶ 27-28. According to Plaintiff, the original 2005 loan consisted

---

[1] Defendants argue, as a preliminary matter, that Plaintiff's claim should be dismissed because the Court's prior order granting Defendants' motion to dismiss afforded Plaintiff an opportunity to amend only those claims asserted in the original Complaint. However, the prior Order did not

7

Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

of a 2-year construction loan to finance rebuilding and remodeling of Plaintiff's residence and a 30-year conventional loan to be executed upon completion of the remodeling. FAC ¶ 27. Plaintiff alleges that Defendants "reneged" on this agreement and, instead of executing the 30-year loan, demanded that Plaintiff enter into the 2008 loan modification agreement, which required Plaintiff to discharge his loan within two years. FAC ¶ 28; Mem. of Law in Opp'n 3. Plaintiff also alleges that Defendants "refused to loan the last installments required to complete the remodel in order to create a reason to refuse to enter into the promised 30 year convention loan." FAC ¶ 28.

Specific performance is not itself a cause of action, but rather "a *remedy* for breach of contract." *Golden West Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49, 31 Cal. Rptr. 2d 378 (Cal. Ct. App. 1994) (italics in original); *Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.20 (N.D. Cal. 2005) ("Specific performance is a form of contractual relief, not an independent claim."). To state a claim for breach of contract under California law, Plaintiff must plead facts establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008). In addition, to establish a right to specific performance, Plaintiff must plead facts showing that: (1) the contract terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies; and (5) plaintiff's legal remedy is inadequate. *Union Oil Co. of California v. Greka Energy Corp.*, 165 Cal. App. 4th 129, 741, 80 Cal. Rptr. 3d 738 (Cal. Ct. App. 2008).

Defendants argue that Plaintiff's third cause of action must be dismissed because Plaintiff fails to state a claim for breach of contract or to allege facts demonstrating an entitlement to

---

expressly limit the scope of amendment or prohibit the addition of new claims, and Defendants do not allege that they will be prejudiced by the addition of this claim. *See, e.g.*, *Topadzhikyan v. Glendale Police Dept.*, No. CV 10-387, 2010 WL 2740163, at *3 n.1 (C.D. Cal. July 8, 2010) (declining to strike new claims where Court granted leave to amend without limitation); *Gilmore v. Union Pacific R. Co.*, No. 09-cv-02180, 2010 WL 2089346, at *4 (E.D. Cal. 2010) (finding that Plaintiff was not required to seek leave to add new claims where Court granted leave to amend without limitation and Defendants would not be prejudiced by addition of claims). Therefore, the Court declines to dismiss Plaintiff's third cause of action on this ground.

8
Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

specific performance. The Court agrees. The construction rider attached to the FAC required Plaintiff to complete construction on his residence by March 22, 2007; if Plaintiff failed to do so, he agreed to execute a modification agreement satisfactory to the Lender. FAC Ex. A. Plaintiff does not allege performance of his obligations under the loan agreement (that is, completion of the construction by March 22, 2007), nor does he allege an excuse for nonperformance. Liberally construed, Plaintiff's claim might be understood to allege that Defendants breached the contract by failing to make the final installments on the construction loan, and that this breach excused Plaintiff's performance. However, Plaintiff fails to allege a critical fact: whether Defendant's refusal to disburse further funds occurred before or after the March 22, 2007, construction deadline. In addition to this deficiency, Plaintiff fails to allege the damages he suffered as a result of Defendant's breach, and he fails to plead any facts establishing that specific performance is the appropriate form of relief.

Plaintiff does not address these deficiencies in his opposition. Instead, he appears to put forth an alternative theory for the specific performance claim. Specifically, Plaintiff contends that because the 2008 loan modification is voidable under TILA, the 2005 agreement revives as a matter of law. Mem. of Law in Opp'n 3. Even assuming that Plaintiff may assert new theories in his opposition, the Court has already determined that the 2008 loan modification is not voidable under TILA. Thus, the Court finds that the FAC fails to state a claim for breach of contract or specific performance. Because it is conceivable that Plaintiff could allege facts stating a claim for breach of contract and seeking specific performance as a remedy, the third cause of action is dismissed with leave to amend.

**IV. 12(f) Motion to Strike**

In addition to the motions to dismiss, Defendants move to strike Plaintiff's request for attorney's fees from the FAC. Because the Court has determined that the entire FAC should be dismissed, Defendants motion to strike is denied as moot.

9
Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the FAC is GRANTED. Plaintiff's first and second causes of action for TILA and UCL violations are dismissed with prejudice. Plaintiff's third cause of action for specific performance is dismissed with leave to amend. Amendment is permitted only to cure the deficiencies in Plaintiff's specific performance claim; if Plaintiff wishes to add new claims in the Second Amended Complaint ("SAC"), he must seek leave from the Court to do so. Plaintiff shall file the SAC, if any, within 30 days of the date of this Order. If Plaintiff fails to comply with this Order, any late-filed amendments may be dismissed with prejudice pursuant to Rule 41(b).

The Court also notes that the parties have failed to comply with the ADR scheduling order in this case. The parties were notified of their non-compliance in the ADR Clerk's Notice filed on January 27, 2010, ECF No. 20, and still have taken no action. Accordingly, counsel for the parties are ordered to meet and confer to attempt to agree upon an ADR process for this matter. Counsel are further ordered to file an ADR Certification and either 1) a Stipulation and Proposed Order Selecting ADR Process, or 2) a Notice of Need for ADR Phone Conference, by September 28, 2010.

Finally, because the Court has resolved this motion without the need for oral argument, the motion hearing scheduled for September 28, 2010, is vacated. The Case Management Conference scheduled for September 28, 2010, is continued to January 5, 2011, at 2 p.m.

**IT IS SO ORDERED.**

Dated: September 21, 2010

_____
LUCY H. KOH
United States District Judge

10
Case No.: 09-CV-04866-LHK
ORDER GRANTING 12(B)(6) MOTION TO DISMISS
AND DENYING 41(B) MOTION TO DISMISS AND 12(F) MOTION TO STRIKE