UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN KATZ, | Case No.: 09-CV-04866-LHK |
| Plaintiff, | ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION |
| v. | |
| CAL-WESTERN RECONVEYANCE CORPORATION, et al., | |
| Defendants. | |

Plaintiff Jonathan Katz moves for reconsideration and rehearing of the portion of the Court's Order of September 21, 2010, denying leave to amend Plaintiff's TILA claims.

The Court notes, as an initial matter, that Plaintiff's motion does not comply with the Local Rules of the Northern District of California. Local Rule 7-9(a) provides that no party may notice a motion for reconsideration without first obtaining leave of the Court to file the motion. Rather than deny Plaintiff's motion on procedural grounds, however, the Court construes Plaintiff's request as a motion for leave to file a motion for reconsideration.

Pursuant to Local Rule 7-9(b), a party moving for leave to file a motion for reconsideration must show: 1) a material difference in law or fact of which the movant was unaware at the time of the interlocutory order at issue, despite exercising reasonable diligence; 2) the emergence of new

1

material facts or a change of law occurring after the order; or 3) a manifest failure of the Court to consider material facts or dispositive legal arguments which were presented to the Court.

In this case, Plaintiff alleged that Defendants violated the Truth in Lending Act ("TILA") by failing to provide complete and accurate disclosures in connection with a 2008 loan modification agreement. The Court dismissed Plaintiff's TILA claims because Plaintiff failed to allege facts demonstrating that TILA required Defendants to make new or additional disclosures when Plaintiff entered into the 2008 loan modification agreement. Judge Fogel had already dismissed Plaintiff's TILA claims on the same grounds in an Order dated January 27, 2010, and this Court agreed with the analysis in that prior order. Because Plaintiff's amended complaint failed to allege facts to cure this deficiency, the Court concluded that granting further leave to amend would be futile and dismissed Plaintiff's TILA claims with prejudice.

In his request for reconsideration, Plaintiff argues that the Court failed to consider the fact that Plaintiff's 2005 loan was at least in part a refinance of existing loans. Plaintiff did not present this fact to the Court in his Opposition to the motion to dismiss. Even assuming this fact was adequately presented, however, the status of the 2005 loan is not material to the Court's ruling, which is based on the status of Plaintiff's 2008 loan modification agreement. If the 2005 loan was a refinance, TILA may have required disclosures at that time, but Plaintiff does not challenge those disclosures, and the status of the 2005 loan does not affect the Court's findings regarding TILA's applicability to the 2008 agreement.

Plaintiff has not shown a material change in fact or law or a manifest failure by the Court to consider material facts or dispositive legal arguments. Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 2, 2010

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2
Case No.: 09-CV-04866-LHK
ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION